# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCHOLZ DESIGN INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 06 C 0075 |
| SCOTT JAFFE and FRANCESCA JAFFE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The court took this case under advisement after conducting a bench trial. After considering the post-trial briefs of the parties and the pertinent authorities, the court has concluded that the defendants are not guilty of either direct or contributory infringement of the plaintiff's copyrighted home design.

The evidence was sufficient to show that the defendants probably <u>saw</u> the design in question (the "Alkazar F 52", plaintiff's Ex. B) because the design was probably among the numerous designs they reviewed with their architect before construction began. It is also fair to conclude that the plaintiffs indicated their approval of the design. Thereafter, any actual copying of the design was by the architect. Defendants themselves did no copying of the copyrighted work. In order to be held liable for direct infringement, the defendants would have had to violate at least one exclusive right granted to the copyright

holder under 17 U.S.C. § 106. See Marder v. Lopez, 450 F.3d 445, 453 (9th Cir. 2006). These are the rights to reproduce the work, to prepare derivative works, and to distribute copies of the work. The defendants did none of these things.

The only alternative theory advanced by plaintiff is contributory infringement. A contributory infringer is one who, with knowledge <u>of the infringing activity</u>, induces, causes or materially contributes to the infringing conduct of another. <u>Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.</u>, 443 F.2d 1159, 1162 (2d Cir. 1971). At the trial of this case, no evidence was adduced that defendants had any knowledge that the copyrighted design of the plaintiff was being infringed by their architect (if indeed it was being infringed). What the evidence showed, at most, is that defendants knew one of the plaintiff's designs would be used in the construction of their house. There is no evidence that either defendant had any reason to suspect that their architect was infringing any copyright.

In the briefs we requested, the parties addressed the measure of damages, but in view of our finding on liability, we need not discuss that issue.

Because the plaintiff has failed to prove that the defendants, or either of them, were guilty of copyright infringement, the court will find the issues in favor of defendants and enter judgment in their favor.

DATE:     March 21, 2007

ENTER:    _____
          John F. Grady, United States District Judge